# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| SOMSACK THAMMAVONG, | CASE NO. 13-CV-1814 |
|---|---|
| Petitioner, | **ORDER:** |
| vs. | **(1) GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS; AND** |
| AUDREY KING, Director of Coalinga State Hospital; ERIC HOLDER, U.S. Attorney General, | |
| | **(2) SCHEDULING ORDER** |
| Respondents. | |

Petitioner, proceeding pro se, filed a habeas petition pursuant to 28 U.S.C. § 2241 along with a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 1-2). After reviewing Petitioner's motion to proceed IFP, the Court grants Petitioner leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

**I.  Motion to Proceed IFP**

An action may proceed despite a plaintiff's failure to prepay the entire fee only if the court grants the plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison

Litigation Reform Act]." Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Petitioner alleges that he is a citizen of Laos, that he was convicted of several federal felonies, and that he is therefore subject to deportation following completion of his prison sentence. (Doc. No. 1 at 8.) Petitioner alleges that, following the completion of his prison sentence, rather than being deported, the State of California initiated civil commitment proceedings and committed Petitioner pursuant to California's Sexually Violent Predators Act, Cal. Welf. & Inst. Code §§ 6600, et seq. (the "SVPA"). (Id.) A petitioner "who is civilly committed pursuant to [the SVPA] . . . is not a "prisoner" within the meaning of the PLRA." Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000). Thus, because Petitioner claims he was civilly detained pursuant to SVPA, and is not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) may not apply to him.

Accordingly, the Court has reviewed Petitioner's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, see S.D. CAL. CIVLR 3.2(d), finds it is sufficient to show that Petitioner is unable to pay the fees or post securities required to maintain this action, and grants Petitioner leave to proceed in forma pauperis. The Court reserves the right to revisit Petitioner's IFP status should new facts come to light.

The Clerk is directed to issue a summons as to Petitioner's petition (Doc. No. 1) upon Respondents and forward it to Petitioner along with blank U.S. Marshal Form 285s. In addition, the Clerk is directed to provide Petitioner with a certified copy of this Order and a certified copy of her complaint and the summons for purposes of serving Respondents. Upon receipt of this "IFP Package," Petitioner is directed to complete the Form 285s as completely and accurately as possible, and to return them

to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP package. Thereafter, the Court orders the U.S. Marshal to serve a copy of the complaint and summons upon Respondents as directed by Petitioner on the USM Form 285s. All costs of service are to be advanced by the United States. <u>See</u> 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). After proper service, Respondents are ordered to reply to the Petition within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and this Court's order.

## II. Scheduling Order

The Court also issues the following scheduling order:

(1) The government, through the U.S. Attorney and the Attorney General of the State of California, must file their response to the petition on or before **October 7, 2013**;

(2) Petitioner may file an optional reply on or before **October 28, 2013**;

(3) Pursuant to the Court's discretion under Local Rule 7.1(d)(1), the Court determines this matter is appropriate for resolution without oral argument and submits the petition on the parties' papers.

**IT IS SO ORDERED**.

DATED: August 8, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT